# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5023 | **DATE** | 1/4/2005 |
| **CASE TITLE** | Brown vs. Nationscredit Financial Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants defendants' motion for partial summary judgment (52-1). Status hearing set to 1/5/05 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 07 2005 date docketed | |
| ✓ | Docketing to mail notices. | | | 61 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| COREANER BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 02 C 5023 |
| ) | |
| NATIONSCREDIT FINANCIAL SERVICES ) | |
| CORPORATION, doing business as ) | |
| EQUICREDIT CORPORATION OF ) | |
| ILLINOIS; EQUICREDIT CORPORATION ) | |
| OF AMERICA; FAIRBANKS CAPITAL ) | |
| CORPORATION; and BANK OF NEW ) | |
| YORK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Coreaner Brown has sued her mortgage lender, its assignee, and the loan servicer to rescind her loan and obtain statutory damages for defendants' alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, as amended by the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. §§ 1602(aa) & 1639; its implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 226; and the Illinois Consumer Fraud Act. Brown contends that she is entitled to statutory damages for defendants' failure to rescind the loan and for underlying disclosure violations.

The case is before the Court on defendants' motion for partial summary judgment. Defendants argue that Brown's underlying statutory claims are time-barred by TILA's one-year

1



statute of limitations for damage claims set out in § 1640(e). For the reasons stated below, the Court grants defendants' motion.

## Facts

On November 18, 1999, Brown obtained a $51,000 mortgage loan from Equicredit Corporation of Illinois ("Equicredit") that was primarily used for a home repair project. Defendant Nationscredit Financial Services Corporation is Equicredit's successor by merger. Defendant Bank of New York now holds title to Brown's loan, and defendant Fairbanks Capital Corporation services the loan.

Brown filed her original complaint on July 16, 2002. She attempted to rescind the loan on July 9, 2002 by sending a rescission notice to Equicredit. Pl's 56.1 Stmt., Ex. V. In a July 25, 2002 letter, Equicredit rejected her request for rescission. Brown seeks a judgment for rescission of the loan and statutory damages for defendants' alleged violations of TILA, as amended by HOEPA, and for defendants' failure to honor her timely notice of rescission. Brown brings similar claims under the Illinois Consumer Fraud Act.

Brown contends that she is entitled to rescind the loan pursuant to TILA § 1635 based on defendants' failure to provide clear and conspicuous disclosure of her three-day right to rescind, or alternatively, because defendants failed to provide the requisite advance disclosures required under HOEPA. In addition to rescission, Brown argues she is entitled to statutory damages for five separate violations of TILA and HOEPA. First, she alleges that at her loan closing, Equicredit's agent required her to sign a form "confirming" that she was not rescinding the transaction, which Brown contends violated TILA's requirement of clear and conspicuous disclosure with respect to her rescission rights. 12 C.F.R. § 226.23(a)(3). Second, she claims

that defendants understated the finance charge on her TILA disclosure statement by an amount in excess of TILA's applicable tolerance of .5% of the loan principal. Next, Brown charges that although the points and fees under the loan actually came to 11.84%, well above the 8% HOEPA trigger, defendants failed to provide the necessary advanced HOEPA warning disclosure concerning the high cost of the loan. 15 U.S.C. § 1602(aa). Brown also claims that she is entitled to enhanced damages in an amount equal to the sum of all finance charges and fees paid, as provided by HOEPA. 15 U.S.C. § 1640(a)(4). Finally, she contends that she is entitled to statutory damages for defendants' failure to honor her timely exercise of her right to rescind.

In their motion for partial summary judgment, defendants assert that Brown's damage claims for the underlying violations of TILA and HOEPA are barred by TILA's one-year statute of limitations for damage claims pursuant to 15 U.S.C. § 1640. Brown maintains that if the Court finds she is entitled to an extended, three-year right to rescind the loan because of violations under 15 U.S.C. § 1635, she would also be allowed, in seeking rescission, to preserve her claims for damages even though they would be time-barred if they stood alone.

## Discussion

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether a genuine issue of material fact exists, the Court must construe all facts and draw all reasonable and justifiable inferences in favor of Brown, the non-moving party on this motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

3

Defendants contend that even if Brown is entitled to rescind the loan, she should be barred from seeking statutory damages for the alleged underlying violations of TILA and HOEPA. They assert that Brown's damages claims cannot ride piggyback on her rescission claim to obtain the benefit of the three-year statute of limitations that applies to the rescission claims. Instead they argue that her TILA damage claims are governed by § 1640(e), which provides that "[a]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Because a TILA credit transaction is consummated when the plaintiff becomes contractually obligated on a credit transaction, 12 C.F.R. § 226.2(a)(13), defendants claim that Brown had only one year from the date of her loan closing to bring her claims for damages, which she did not do.

TILA § 1635 addresses a borrower's right of rescission. Under this provision, a debtor who secures a loan on primary residential property has "the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms . . . whichever is later." 15 U.S.C. § 1635(a). If the lender neglects to make a material disclosure as defined in the implementing regulations, the borrower's right to rescind may be extended for up to three years. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). The required material disclosures include the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures referred to in § 226.32(c) and (d). *Id.* at n.48. Similarly, HOEPA provides that violations of its special protection provisions entitle consumers to the remedies provided under § 1635. 15 U.S.C. § 1639(j) ("Any mortgage that contains a provision prohibited by this section shall be deemed a failure to deliver the material disclosures required under this subchapter, for

the purpose of section 1635 of this title."); *see also Newton v. United Companies Fin. Corp.*, 24 F. Supp. 2d 444 (E.D. Pa. 1998). Thus, Brown would be entitled to rescind her loan for up to three years from the date of consummation of the transaction if Equicredit failed to make the required disclosures as she alleges.

The central dispute in this case concerns the interpretation of § 1635(g), titled "Additional relief," which provides that "[i]n any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind." 15 U.S.C. § 1635(g). Brown contends that this provision extends the longer three-year statute of limitations to damage claims when the right to rescind is lengthened under § 1635(f). The Court does not believe that in adopting § 1635(g), Congress intended to alter the one-year statute of limitations applicable to damage claims.

Notably, § 1635(g) contains no language to suggest that Congress intended to override the statute of limitations set out in § 1640(e). The more appropriate reading, consistent with its language, is that Congress was simply clarifying that a plaintiff bringing a claim for rescission could also sue for statutory damages. The relatively scant legislative history of § 1635(g) is consistent with this reading. In discussing its 1980 amendments to TILA, which included the addition of § 1635(g), the Senate report on the proposed legislation stated that, "the bill explicitly provides that a consumer who exercises his right to rescind may also bring suit under the Act for other violations not relating to rescission. The Act is currently ambiguous on this issue, and this section codifies the majority position of the courts." S. REP. NO. 96-368, at 29 (1979), *reprinted in* 1980 U.S.C.C.A.N. 236, 265. Prior to the amendment, some courts did not allow plaintiffs to

5

concurrently sue for rescission under § 1635 and damages under § 1640, but instead required borrowers to elect one of the two remedies. *See Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973).

In sum, both the language of § 1635(g) and its legislative history support the notion that this subsection was not intended to alter the statute of limitations applicable to TILA damage claims. The majority of courts addressing this issue have reached the same conclusion. *Rudisell v. Fifth Third Bank*, 622 F.2d 243 (6th Cir. 1980); *Bell v. Ameriquest Mortgage Co.*, No. 04 C 5987, 2004 WL 2973819 (N.D. Ill. Nov. 30, 2004); *Pulphus v. Sullivan*, No. 02 C 5794, 2003 WL 1964333 (N.D. Ill. Apr. 28, 2003); *Jenkins v. Mercantile Mortgage Co.*, 231 F. Supp. 2d 737, 745 (N.D. Ill. 2002); *Dowdy v. First Metro. Mortgage Co.*, No. 01 C 7211, 2002 WL 745851, at *1-2 (N.D. Ill. 2002); *Elliott v. ITT Corp.*, 764 F. Supp. 102 (N.D. Ill. 1991). *But see McIntosh v. Irwin Union Bank & Trust Co.*, 215 F.R.D. 26, 30 (D. Mass. 2003); *Reynolds v. D&N Bank*, 792 F. Supp. 1035, 1036-39 (finding, without discussion of the statute of limitations, that plaintiff is entitled to rescission and statutory damages despite claim being brought fourteen months after entering the contract).

The Court, therefore, grants defendants' motion for partial summary judgment. Brown is barred from bringing damages claims for the violations of TILA and HOEPA that she claims occurred at the time she obtained the loan, as she did not bring those claims within the year after the loan was made. Her damage claim arising from defendants' failure to honor her notice of rescission is not time-barred because it was made within one year from the date of that particular violation.

6

## Conclusion

For the reasons stated above, the Court grants defendants' motion for partial summary judgment [docket no. 52]. The case is set for a status hearing on January 5, 2005 at 9:30 a.m.

<br>

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 4, 2005